FILED

NOV 01 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROMAN WROCLAWSKI, | No. 12-15113 |
| Petitioner - Appellant, | D.C. No. 2:09-cv-00977-ROS |
| v. | |
| HILLARY RODHAM CLINTON, United States Secretary of State; ERIC H. HOLDER, Jr., Attorney General; DAVID GONZALES, United States Marshall, District of Arizona, DAVID MARTIN, Chief Pretrial Services Officer, District of Arizona, | MEMORANDUM* |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, Chief District Judge, Presiding

Argued and Submitted October 18, 2012
San Francisco, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: WALLACE and BEA, Circuit Judges, and RESTANI, Judge.[**]

Petitioner-Appellant Roman Wroclawski ("Wroclawski") appeals from the district court's denial of his petition for writ of habeas corpus. Wroclawski's habeas petition challenges his certification of extraditability to Poland issued by a magistrate judge acting as an extradition court. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), and we affirm.

Wroclawski's extradition is consistent with the applicable treaty. Wroclawski has not demonstrated that the magistrate judge committed clear error in the factual findings related to whether Poland charged Wroclawski with a continual offense or whether Poland commenced proceedings against Wroclawski. See Sainez v. Venables, 588 F.3d 713, 715 (9th Cir. 2009). Given the findings of fact by the magistrate judge, and upon consideration of the related issues of law, we conclude that the Polish statute of limitation has not run for the crimes charged. See Quinn v. Robinson, 783 F.2d 776, 791–92 (9th Cir. 1986).

Furthermore, Wroclawski has been charged with an offense that is extraditable under the applicable treaty because the alleged crimes are punishable under the laws of both the United States and Poland by a deprivation of liberty for

---

[**] The Honorable Jane A. Restani, Judge for the U.S. Court of International Trade, sitting by designation.

2

a maximum period of more than one year. This determination does not depend on any potentially applicable statute of limitations for analogous crimes in the United States, the sentence Wroclawski may have received if he were prosecuted for an analogous crime in the United States, or additional provisions of Polish law. In addition, Poland supported its extradition request with the documents required by the treaty.

Finally, Wroclawski has not demonstrated that the magistrate judge violated his procedural due process rights in making the factual findings related to whether Wroclawski was charged with a continual offense or whether Poland commenced proceedings. See Emami v. United States Dist. Court for Northern Dist., 834 F.2d 1444, 1448–49 (9th Cir. 1987) (citing In re Assarsson, 635 F.2d 1237, 1244 (7th Cir. 1980)). The magistrate judge did not abuse her discretion in denying Wroclawski's discovery request because the requested documents have not been shown to be relevant. See Prasoprat v. Benov, 421 F.3d 1009, 1014–16 (9th Cir. 2005).

The district court's judgment denying appellant's petition for habeas corpus is **AFFIRMED.**